UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6163 JAK (MRW) | Date | October 17, 2022 |
|---|---|---|---|
| Title | Parada v. Birkholz | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Petitioner: | Attorneys for Respondent: |
| | n/a | n/a |

**Proceedings:**   ORDER SCREENING HABEAS PETITION

1.  Petitioner is a prisoner in federal custody.  He filed a habeas corpus petition under 28 U.S.C. § 2241 to challenge his 2006 drug trafficking conviction and sentence.

2.  The Court screened the petition under 28 U.S.C. § 1915(e) and the judiciary's habeas rules.  Petitioner is ordered to show cause why the action should not be summarily dismissed as successive, untimely, and an improper disguised motion under Section 2255.

3.  By the Court's estimate, this is Petitioner's <u>fifth</u> habeas action in this judicial district regarding his conviction and sentence.  The Court is also aware from those previous actions that Petitioner has extensively litigated his conviction and sentence in the District of Kansas (the court of conviction) and the Tenth Circuit Court of Appeals.

4.  The gist of the current action appears to be little different than the claim advanced in CV 19-4405 – Petitioner's last California action – in which Petitioner challenged the use of a juvenile adjudication in his original sentencing.  As in the earlier action, Petitioner contended that he had "recently" uncovered the materials from that proceeding.  Note that this district court summarily dismissed Petitioner's last action, a decision that he declined to challenge on appeal.

5.  Petitioner is directed to submit a statement (not to exceed five pages) explaining why this Court has jurisdiction to consider his current claim.  Petitioner's statement will be due by November 14.  **Failure to comply with the terms of this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b).  <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**

6.  After the Court reviews Petitioner's statement, it will determine whether a response from the government is necessary or warranted.