1
2
3
4                                                    JS-6
5
6
7
8
9          **IN THE UNITED STATES DISTRICT COURT**
10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11
12
13   NORMAN PARADA,                    Case No. CV 22-6163 JAK (MRW)
14              Petitioner,            **ORDER DISMISSING ACTION**
15        v.
16   BRYAN BIRKHOLZ, Warden,
17              Respondent.
18
19        The Court dismisses this habeas action for lack of jurisdiction.
20                              * * *
21        1.      Petitioner is an inmate at the federal prison facility at Lompoc,
22   California.  He filed a habeas petition in this Court under 28 U.S.C. § 2241
23   regarding his 2006 federal drug trafficking conviction and sentence in
24   federal court in the District of Kansas.
25        2.      This is Petitioner's <u>fifth</u> habeas action in this district.[1]  As in
26   his previous cases, Petitioner contends that his criminal sentence was
27
28   _____
     [1]    Nos. CV 12-642, 17-6033, 18-326, and 19-4405 JAK (MRW) (C.D.
     Cal.).

calculated due to the allegedly wrongful use of a juvenile conviction at sentencing.  Also, Petitioner repeats a claim that the Bureau of Prisons has failed to properly classify him within the federal prison system or properly allocated credits earned under the First Step Act.  Petitioner requests that the Court order his release from custody.

3.    As recounted in the Court's previous orders, Petitioner has also challenged his conviction and sentence in post-conviction proceedings in the District of Kansas and the Tenth Circuit Court of Appeals on numerous occasions.  The Tenth Circuit has "denied three separate motions for authorization to file a second or successive § 2255 motion" after his initial motion.  United States v. Parada, 2017 WL 2225228 (D. Kan. 2017) (dismissing additional habeas petition as successive).

4.    The government moved to dismiss the action on several grounds.  (Docket # 9.)  The government again argues that Petitioner's action is a disguised Section 2255 motion that Petitioner improperly filed in this district rather than in the District of Kansas.  The government contends that the action is successive, and filed without permission from a federal appellate court.  Finally, the government asserts that, to the extent that Petitioner's claim is based on the alleged accrual of FSA credits, he failed to exhaust administrative remedies within the BOP.  (Id. at 9; Docket # 14.)

5.    Petitioner's position is that he is entitled to some sort of relief in this Court for what he considers to be an illegal and expired sentence.  He also contends that he attempted to exhaust his FSA claim, but that a prison employee refused to accept his paperwork.  That supposedly makes exhaustion "futile."  (Docket # 11 at 7; # 15 at 3.)  Petitioner claims that

1  these issues all affect the "execution" of his sentence and are redressable

2  under Section 2241.   (Docket # 15 at 1.)

3                                         * * *

4        6.     If it "plainly appears from the face of the petition and any

5  exhibits annexed to it that the petitioner is not entitled to relief," the Court

6  may summarily dismiss a habeas petition.  Local Rule 72-3.2; <u>see also</u>

7  Rules 1 and 4 of Rules Governing Section 2254 Cases in United States

8  District Courts (petition may be summarily dismissed if petitioner plainly

9  not entitled to relief; rule applicable to any type of habeas action); <u>Green v.</u>

10  <u>Fox</u>, No. CV 15-5420 DMG (GJS), 2015 WL 4932822 at *2 (C.D. Cal. 2015)

11  (summary dismissal of improper § 2255 petition).

12                                         * * *

13        7.     Federal prisoners have two statutory paths by which they may

14  seek a writ of habeas corpus.  "As a general rule," federal inmates may

15  collaterally attack their conviction and sentence only under 28 U.S.C. §

16  2255.  <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1046 (9th Cir. 2011).

17        8.     However, a federal prisoner may also seek a writ under

18  28 U.S.C. § 2241.  That statute permits a prisoner to pursue habeas relief

19  where a favorable result (such as the reversal of a disciplinary action and

20  the loss of good time credits) will shorten the prisoner's sentence.

21  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th Cir. 2003); <u>Nettles v. Grounds</u>,

22  830 F.3d 922, 935 (9th Cir. 2016) (en banc) (habeas jurisdiction exists only

23  where success on prisoner's claims would "lead to his immediate or earlier

24  release from confinement").

25        9.     As with his previous actions in this district, the substance of

26  Petitioner's habeas claim continues to challenge his original criminal

27  sentence.  He may only bring that claim under Section 2255 in the district

28

3

of conviction.  Petitioner has had ample opportunity to bring those

challenges.  He is not entitled to further attack his Kansas conviction in

this California district court.[2]

10.  Petitioner's contention that he now has access to his

presentence report from his original sentencing – an argument advanced in

his 2019 action and here – further undermines his claim in this district.

Section 2255(h) limits a federal prisoner to one post-appeal proceeding.

"Newly discovered" facts or evidence may provide a basis for an appellate

court to authorize a successive motion under Section 2255(h)(1).  Yet,

Petitioner's submissions make clear that he neither sought nor obtained

authorization from the Tenth Circuit Court of Appeals to pursue a

successive action based on this new information.  As a result, this Court

continues not to have jurisdiction over Petitioner's current, successive

claim.

\* \* \*

11.  Petitioner failed to exhaust his FSA claim within the BOP.

Federal courts "require that habeas petitioners exhaust all available

judicial and administrative remedies before seeking relief under § 2241."

Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  The "exhaustion

requirement aids judicial review by allowing the challenged administrative

agency to develop a factual record, apply its expertise, and correct its own

errors, thereby conserving court resources and avoiding unnecessary

judicial intervention."  Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983)

(per curiam).

---

[2]  In his earlier cases, the Court explained why Petitioner is not
entitled to "escape hatch" consideration of his claim under Section 2241.  That
analysis need not be repeated here.  It is sufficient to note that Petitioner's latest
claim does not include a newly asserted claim of actual innocence to the crime for
which he was convicted, which prevents him from converting his claim via the
"escape hatch."  Alaimalo, 645 F.3d at 1046.

12.     A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  However, a court must consider that whether in exercising discretion to waive the exhaustion requirement, the court "would encourage the deliberate bypass of the administrative scheme."  Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

13.     District courts in this Circuit have dismissed federal habeas actions challenging the FSA credit system when prisoners did not first seek relief through the BOP's administrative grievance process.  Moore v. Martinez, CV 19-2164 GJS (C.D. Cal. 2019); Adkins v. Ponce, No. CV 22-1988 JLS (MRW) (C.D. Cal. 2022).

14.     In the present action, Petitioner has not adequately demonstrated either that he exhausted his FSA credit claim or that it would be "futile" to do so.  The government convincingly showed Petitioner has failed to avail himself of the BOP's standard procedures to present a request for review of his FSA credits.  (Docket # 14 at 9 (declaration of agency lawyer).)  Petitioner's cursory e-mails within the prison system during the pendency of this action and the dismissal motion conclusively prove his lack of exhaustion before commencing this action.  (Docket # 15 at 5-6.)  The claim is unexhausted and unreviewable in this federal court. Laing, 370 F.3d at 1000.

Therefore, the present action is hereby DISMISSED without prejudice due to lack of jurisdiction.

IT IS SO ORDERED.

Dated: __March 28, 2023__

_____
JOHN A. KRONSTADT
U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

6